UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Criminal Case Number 07-20531-5
                                                  Civil Case Number 11-13342
                                                  Honorable Thomas L. Ludington

v.

DAMARLON CENAKA THOMAS,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

      This matter is before the Court on a report and recommendation (ECF No. 280) issued by Magistrate Judge Charles E. Binder on November 9, 2011. Judge Binder recommends that the Court deny Defendant Damarlon Thomas's motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. ECF No. 273. Defendant contends that his trial counsel was ineffective in advising him that "cocaine base is synonymous with crack" and that but for this misrepresentation, Defendant would not have faced a statutory minimum or enhanced sentence for the crack form of cocaine base. ECF No. 273 at 9.

      Judge Binder concluded that defense counsel could not have been ineffective for failing to require the government to prove that the controlled substance he pled to knowingly distributing was crack cocaine when Defendant acknowledged in his plea agreement that the substance was crack cocaine and has not argued any differently in his petition to vacate his sentence. Moreover, even if Defendant did challenge whether the substance he distributed was crack, as opposed to some other form of cocaine base, the result would be the same because of Defendant's status as a career

offender. Additionally, "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form" and Defendant could not have been prejudiced by any failure to distinguish crack cocaine from other forms of cocaine base. *DePierre v. United States*, 131 S. Ct. 2225, 2237 (2011). Because Defendant cannot show any prejudice from any alleged failures in his trial counsel's advice, Judge Binder suggests that Defendant is not entitled to a hearing on the allegations raised in his motion.

As of today's date, no party has filed any objections to the magistrate judge's report and recommendation. The failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation (ECF No. 280) is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (ECF No. 273) is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: December 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Damarlon Cenaka Thomas, #42325-039, at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on December 5, 2011.

    s/Tracy A. Jacobs
    TRACY A. JACOBS